**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DIANA BRETING, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| DISCOVER FINANCIAL | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

1.      Plaintiff, Diana Breting, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Discover Financial Services, LLC. Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and state law.

## VENUE AND JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681(p), and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper because Defendants' collection demand was received here.

## PARTIES

3.      Plaintiff, Diana Breting, ("Plaintiff"), is an individual and resident of Cook County, Illinois.

4.      Defendant, Discover Financial Services, LLC, ("Discover") or

("Defendant") is a direct banking and payment services company which operates the "Discover Card." Discover is a Delaware corporation that does business in Illinois. Its registered agent is CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

5.      Defendant is a "furnisher of information" as that term is defined in the FCRA, 15 U.S.C. § 1681s-2, and is a "person" as that term is defined in the FCRA, 15 U.S.C. § 1681a.

## FACTS

6.      Plaintiff was the holder of a Discover Card that enabled her to charge items to her Discover Card Account No. ending in 0195 ("Account") pursuant to an Agreement between Plaintiff and Defendant.

7.      Plaintiff did in fact charge consumer items to her Account, but due to financial difficulties she fell behind in her account payments.

8.      Defendant thereafter assigned the Account to a debt collector, Integrity Financial Partners, Inc. ("Integrity"), for collection from the Plaintiff.

9.      On or around March 11, 2010, Integrity extended a settlement offer to Plaintiff (Exhibit A, Letter from Integrity to Plaintiff).

10.     Plaintiff accepted Integrity's settlement offer and caused settlement payments, via check, of $500.00, $705.56, and $705.56 to be sent to Integrity in March, April, and May of 2010, respectively, per the terms of the agreement memorialized in its March 11, 2010 letter to Plaintiff ("Agreement"). (Exhibit B, copies of deposited settlement checks).

11.    Discover thereafter refused to honor the Agreement, after Plaintiff had made three payments to Discover pursuant to the Agreement, and thus after Plaintiff substantially performed on said Agreement.

12.    Due to Defendant's refusal to honor the Agreement, and due to Defendant's continued and insistent attempts to collect from Plaintiff an amount in excess of that which she owed, Plaintiff was forced to file a lawsuit in the Northern District of Illinois, entitled *Diana Breting v. Integrity Financial Partners, Inc., and Discover Financial Services, LLC*, Case# 10-cv-5173 ("Civil Action"), alleging breach of contract, consumer fraud, defamation, and violations of the Fair Debt Collection Practices Act against Discover and its collector, Integrity.

13.    Plaintiff and Defendants thereafter settled the Civil Action by written agreement ("Settlement Agreement"), and Plaintiff dismissed the Civil Action with prejudice.

14.    Plaintiff did not owe any money to Defendant Discover, on the Account, after November 15, 2010.

15.    Despite the fact that Plaintiff did not owe Defendant any money on the Account after November 15, 2010, Defendant nonetheless continued to falsely report to the Equifax and TransUnion credit reporting agencies that Plaintiff owed an Account balance of $9,162.00, that the condition of said Account was "Derogatory", and that Plaintiff's Account had a "Pay Status" of "Collection/Chargeoff". (Exhibit C, January, 2011 Credit Report Excerpt showing Discover Account tradeline).

16.     On or around January 20, 2011 Plaintiff initiated an investigation request by sending a letter to each of the Equifax and TransUnion credit reporting bureaus stating in each letter, in relevant part, that "This debt was cancelled. I do not owe this money." (Exhibit D, copies of letters requesting reinvestigation sent to Equifax and TransUnion credit reporting agencies).

17.     During the course of the investigation that was performed by Equifax as the result of the reinvestigation request initiated by Plaintiff and received by Equifax, Equifax forwarded to Defendant all relevant information regarding the dispute of the alleged debt, that Plaintiff had provided to Equifax same regarding the alleged debt, and thus Defendant received notice of the dispute from Equifax.

18.     During the course of the investigation that was performed by TransUnion as the result of the reinvestigation request initiated by Plaintiff and received by TransUnion, TransUnion forwarded to Defendant all relevant information regarding the dispute of the alleged debt, that Plaintiff had provided to TransUnion regarding the alleged debt, and thus Defendant received notice of the dispute from TransUnion.

19.     During the course of the investigation initiated by Plaintiff, Defendant received a Consumer Dispute Verification Form ("CDV") from Equifax regarding Plaintiff's alleged Account debt that was being reported to Equifax.

20.     During the course of the investigation initiated by Plaintiff, Defendant received a Consumer Dispute Verification Form ("CDV") from TransUnion regarding Plaintiff's alleged Account debt that was being reported to TransUnion.

21.     In response to the CDV that it received from each of the Equifax and TransUnion credit reporting agencies, regarding the Account debt, Defendant purported

to conduct an investigation of Plaintiff's dispute within 30 days of its receipt of said form.

22.     Defendant, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to each of the Equifax and TransUnion credit reporting agencies that Plaintiff owed $9162.00 to the Defendant on the Account.

23.     Specifically, in response to the reinvestigation request sent to Equifax regarding the Account, Plaintiff received a letter from Equifax on or around February 21, 2011, that stated that Plaintiff still owed a "Balance" of $9,162.00 to Defendant, and that also stated in part as follows:

**>>>We have researched the credit account. Account # --601100715952\* The results are: Equifax verified that this item belongs to you…**

(Exhibit E, Equifax reinvestigation results sheet dated November 24, 2010)

24.     In response to the reinvestigation request sent to TransUnion regarding the Account, Plaintiff received a letter from TransUnion on or around February 23, 2011, that stated that Plaintiff still owed a "Balance" of $9,262.00 to Defendant, and that also stated in part as follows:

**Investigation Results**

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| DISCOVER FINCL SVC LLC | #6011007159520195 | VERIFIED, NO CHANGE |

(Exhibit F, TransUnion reinvestigation results sheet dated February 17, 2011)

25.     Defendant misrepresented the truth and reported false credit information when it verified, to both the Equifax and TransUnion credit reporting agencies in

February 2011, that Plaintiff owed a balance of $9162.00 on the Account.

26.     Any reasonable investigation by Defendant, as to the accuracy of the Account debt being reported would have revealed that Plaintiff did not owe Defendant any money on the Account.

27.     Defendant did not perform a reasonable investigation of Plaintiff's dispute, and did not consider information reasonably available to it when it "verified" to both Equifax and TransUnion that Plaintiff owed Defendant $9162.00 on the Account.

28.     Upon information and belief, Defendant is still falsely reporting, to both Equifax and TransUnion, that Plaintiff owes a balance of $9162.00 on the Account.

29.     Plaintiff was damaged by Defendant's actions (Exhibit G, Affidavit).

## COUNT I-VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*

30.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-29 above as if fully set forth herein.

31.     Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation after the Equifax credit reporting bureau contacted Defendant in response to Plaintiff's dispute, when Defendant falsely verified that Plaintiff owed a balance on the Account.

32.     Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation after the TransUnion credit reporting bureau contacted Defendant in response to Plaintiff's dispute, when Defendant falsely verified that Plaintiff owed a balance on the Account.

33.     Defendant committed such violations willfully or negligently, thereby violating 15 U.S.C. § 1681n or § 1681o.

WHEREFORE, Plaintiff, Diana Breting, respectfully requests that judgment be entered against Defendant for the following:

a.      Appropriate actual, punitive, and statutory damages;

b.      Plaintiff's attorney fees, litigation expenses and costs of suit;

c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II-DEFAMATION

34.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-33 above as if fully set forth herein.

35.     On consecutive months starting in December 2010, Defendant published statements to Equifax and TransUnion, and to all those that viewed Plaintiff's Equifax and TransUnion credit reports within said same time period, indicating that Plaintiff owes $9162.00 to Defendant and that the pay status of the Account is "Collection/Chargeoff".

36.     In February 2011, in response to a reinvestigation request initiated by Plaintiff, Defendant again published to Equifax and TransUnion, and to all those entities that viewed Plaintiff's Equifax and TransUnion credit reports within said same time period, that Plaintiff owes $9162.00 to Defendant and that the pay status of the Account is "Collection/Chargeoff" .

37.     Specifically, Defendant falsely "verified" as accurate that Plaintiff owed a "Balance Amount" of $9162.00 to Defendant on the Account, despite the fact that Plaintiff did not owe any money to Defendant at the time that Defendant verified said information. Defendant's statements were thus false and defamatory.

38.     The statements provided to Equifax and to all those that viewed Plaintiff's Equifax credit reports within said same time period, were false and defamatory.

39.    The statements provided to TransUnion and to all those that viewed Plaintiff's TransUnion credit reports within said same time period, were false and defamatory.

40.    In February, 2011 and thereafter Defendant continued to publish to Equifax and TransUnion, and to all those entities that viewed Plaintiff's Equifax and TransUnion credit reports thereafter, that Plaintiff owed a "Balance Amount" of $9162.00 to Defendant despite the fact that Plaintiff did not owe any money to Defendant, and thus Defendant's statements were false and defamatory.

41.    As a proximate result of the foregoing defamatory statements by Defendant, Plaintiff suffered injuries including injuries to her reputation.

42.     Upon information and belief, the foregoing defamatory statements were made by Defendant with the knowledge of their falsity and with actual malice, so as to justify an award of punitive damages. Defendant did not have any reasonable basis to believe and verify that Plaintiff still owed money to Defendant on the alleged Account debt.

43.    At the time that it verified with Equifax and TransUnion that Plaintiff owed the alleged debt, Defendant had all of the evidence and information in its possession with which to confirm and recognize that Plaintiff did not owe any money to Defendant on the alleged Account debt, and that the alleged Account debt had been discharged.

WHEREFORE, Plaintiff, Diana Breting, respectfully requests that judgment be entered against Defendant for the following:

a.    Compensatory damages;

b.      Exemplary damages in an amount that will serve to punish Defendant, and deter Defendant from similar conduct;

c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT III-BREACH OF CONTRACT

44.      Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-43 above as if fully set forth herein.

45.      In November 2010, via the Settlement Agreement, Defendant agreed to cancel and discharge the alleged Account debt, and to request deletion of all Account information from Plaintiff's Equifax and TransUnion credit files.

46.      Specifically, paragraph 3 of the Agreement states in part as follows:


***

**Discover, has forever released and discharged, and by this Release does hereby forever and fully release, acquit and discharge Breting…from Breting's debt to Discover, Account No. ending in 0195 ("Account"). Discover shall submit an Automated Universal Data ("AUD") form to the three major credit bureaus-Equifax, Experian and TransUnion-to request deletion of the Account from Breting's credit file. Discover does not guarantee nor make any representations regarding the conduct of any credit reporting agency in response to the AUD.**


***

(Exhibit H, Excerpt from Settlement Agreement).

47.      Plaintiff and Defendant executed the Settlement Agreement, which is a valid and enforceable contract, on November 15, 2010.

48.      Plaintiff fully performed all of her obligations under the terms of the Settlement Agreement.

49.      Defendant failed to perform its obligations pursuant to the terms of the Settlement Agreement as it did not, as recently as February, 2011, discharge the balance

of the alleged debt, and it did not request deletion of the tradeline associated with the Account, to the Equifax and TransUnion credit reporting agencies.

50.     Defendant failed to perform its obligations pursuant to the terms of the Settlement Agreement as not only did it fail to submit a notice directing deletion of the tradeline to Equifax and TransUnion, but it actually went so far as to falsely verify, in response to a reinvestigation request initiated by Plaintiff with TransUnion and Equifax, that the Account still has a balance of $9162.00.

51.     As a result of Defendant's breach of the Settlement Agreement, Plaintiff was forced to hire an attorney to resolve the issue of Defendant's breach of the Agreement and to force Defendant to honor the terms of the Settlement Agreement, incurring attorney fees and costs thereby.

          WHEREFORE, Plaintiff, Diane Breting, prays that this Court enter judgment in his favor against the Defendant, as follows:

     a.     Award Plaintiff judgment in the amount of her actual damages;

     b.     Award Plaintiff court costs;

     c.     Award Plaintiff whatever other relief this Court deems just and proper.

## COUNT IV-SPECIFIC PERFORMANCE

52.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-51 above as if fully set forth herein.

53.     The Settlement Agreement, the relevant excerpt of which is attached to the Complaint as Exhibit G, is a valid and enforceable contract executed by both Plaintiff and Defendant.

54.     By continuing to cause the Equifax and TransUnion credit reporting

agency to report that Plaintiff has a "Balance" of $9162.00 on the alleged Account debt when Plaintiff does not owe the alleged debt, and by failing to submit a request to the credit reporting agencies to delete the tradelines that are reporting the alleged debt, Defendant is in breach of paragraph 3 of the Settlement Agreement.

55.    Awarding only legal damages to the Plaintiff would be inadequate since Defendant's failure to honor the Agreement is resulting in new harm every single day it continues to report false credit  information to credit reporting agencies Equifax and TransUnion, pertaining to the Account.

56.    Enforcement of an order requiring Defendant to cease reporting the alleged debt to the credit reporting agencies would be practical, easily accomplished, and and easily enforced.

57.    Defendant does not have any defenses that could apply in this case that would excuse it from complying with the terms of the Agreement.

WHEREFORE, Plaintiff, Diana Breting, prays that this Court enter judgment in her favor against the Defendant, as follows:

a.    Enter an Order requiring Defendant to send a notice, to every credit reporting agency to which the alleged debt was reported, requesting that the tradeline corresponding to the alleged debt be deleted and also requiring Defendant to discharge the alleged debt;

b.    Award Plaintiff whatever other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff Diana Breting is entitled to and hereby demands that this cause be tried

by a jury.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such

amount as a court awards, or any settlement agreed to by Plaintiff. All rights relating to

attorney fees have been assigned to counsel.

/s/ Mario Kris Kasalo

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
111 East Wacker Drive, Suite 555
Chicago, IL 60601
tele (773) 847-2600
fax (773) 847-0330
mario.kasalo@kasalolaw.com